UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TABITHA ANN HARTILL,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

No.  1:15-CV-00132-RHW

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 and 14. Ms. Hartill brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits and Supplemental Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383F.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 1**

1   **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** for

2   additional proceedings consistent with this order.

3                          **I.        Jurisdiction**

4        Ms. Hartill filed for Disability Insurance Benefits and Supplemental Security

5   Income on June 23, 2011. AR 84.  Her alleged onset date is November 25, 2009.

6   AR 86. Ms. Hartill's application was initially denied on July 29, 2011, AR 126-29,

7   and on reconsideration on October 31, 2011, AR 132-33.

8        A hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on

9   March 13, 2013. AR 41-53. The psychological expert, Dr. Kent Layton, PhD,

10  found there was not enough information to determine psychological impairments

11  and requested a psychological evaluation. AR 21. Following the evaluation, a

12  supplemental hearing was held August 20, 2013. AR 54-83.

13       On September 16, 2013, the ALJ issued a decision finding Ms. Hartill

14  ineligible for disability benefits. AR 21-36.  The Appeals Council denied Ms.

15  Hartill's request for review on March 21, 2015, AR 1-6, making the ALJ's ruling

16  the "final decision" of the Commissioner.

17       Ms. Hartill timely filed the present action challenging the denial of benefits,

18  on May 15, 2015. ECF No. 3. Accordingly, Ms. Hartill's claims are properly

19  before this Court pursuant to 42 U.S.C. § 405(g).

20  //

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMAND ~ 2**

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 3**

substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination

of impairments, that significantly limits the claimant's physical or mental ability to

do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 &

416.908-09.  If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are

required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe

impairments "meets or equals" one of the listed impairments acknowledged by the

Commissioner to be sufficiently severe as to preclude substantial gainful activity.

20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or

equals one of the listed impairments, the claimant is *per se* disabled and qualifies

for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to

the fourth step.

Step four examines whether the claimant's residual functional capacity

enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 4**

1  & 416.920(e)-(f).  If the claimant can still perform past relevant work, the claimant

2  is not entitled to disability benefits and the inquiry ends.  *Id.*

3      Step five shifts the burden to the Commissioner to prove that the claimant is

4  able to perform other work in the national economy, taking into account the

5  claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

6  404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

7  burden, the Commissioner must establish that (1) the claimant is capable of

8  performing other work; and (2) such work exists in "significant numbers in the

9  national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

10  676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

12      A district court's review of a final decision of the Commissioner is governed

13  by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

14  Commissioner's decision will be disturbed "only if it is not supported by

15  substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

16  1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

17  a mere scintilla but less than a preponderance; it is such relevant evidence as a

18  reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

19  *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

20  1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 5**

1  whether the Commissioner's findings are supported by substantial evidence, "a

2  reviewing court must consider the entire record as a whole and may not affirm

3  simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

4  *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

5  F.2d 498, 501 (9th Cir. 1989)).

6        In reviewing a denial of benefits, a district court may not substitute its

7  judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

8  1992).  If the evidence in the record "is susceptible to more than one rational

9  interpretation, [the court] must uphold the ALJ's findings if they are supported by

10 inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

11 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

12 2002) (if the "evidence is susceptible to more than one rational interpretation, one

13 of which supports the ALJ's decision, the conclusion must be upheld").  Moreover,

14 a district court "may not reverse an ALJ's decision on account of an error that is

15 harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is

16 inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

17 The burden of showing that an error is harmful generally falls upon the party

18 appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

19 //

20 //

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 6**

1

#### IV.    Statement of Facts

2      The facts of the case are set forth in detail in the transcript of proceedings,

3   and only briefly summarized here.  Ms. Hartill was 41 years old at the alleged onset

4   date. AR 35. She has a high school education and is the single mother of two

5   children. AR 64, 85.

6      Among the conditions mentioned in Ms. Hartill's medical record are elbow

7   pain, hip pain, sinusitis, abdominal pain, back pain, depression, asthma, chronic

8   obstructive pulmonary disease ("COPD"), and ovarian cysts. AR 305-08, 311-12.

9   Ms. Hartill has previous work experience as a motel housekeeper and janitor. AR

10   35. She asserts that she quit her most recent job because of pain and difficulty

11   breathing. ECF No. 12 at 3.

12

#### V.    The ALJ's Findings

13      The ALJ determined that Ms. Hartill was not under a disability within the

14   meaning of the Act from November 25, 2009, her alleged date of onset.  AR 22.

15      **At step one**, the ALJ found that Ms. Hartill had not engaged in substantial

16   gainful activity since November 25, 2009, her alleged onset date (citing 20 C.F.R.

17   §§ 404.1571 *et seq.* & 416.971 *et seq.*).   AR 23.

18      **At step two**, the ALJ found Ms. Hartill had the following severe

19   impairments: chronic obstructive pulmonary disease and low back pain (citing 20

20   C.F.R. §§ 404.1520(c) & 416.920(c)). AR 23-25.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 7**

At **step three**, the ALJ found that Ms. Hartill did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 25.

At **step four**, the ALJ found Ms. Hartill had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with these limitations: (1) frequent climbing ramps or stairs; (2) kneeling, crouching, and crawling; (3) occasional stooping; (4) avoid climbing ladders, ropes, and scaffolds; (5) avoid concentrated exposure to extreme cold, wetness, vibration, and hazards (machinery, heights, etc.); and (6) avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. AR 25-35.

The ALJ determined that Ms. Hartill is unable to perform her past relevant work as a motel housekeeper and a janitor. AR 35.

At **step five**, the ALJ found that in light of her age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, there are also other jobs that exist in significant numbers in the national economy that Ms. Hartill can perform. AR 35-36.

## VI.    Issues for Review

Ms. Hartill argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Ms. Hartill's symptom claims; (2) failing to

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 8**

properly consider and weigh the medical opinion evidence; (3) improperly failing

to obtain the testimony of a vocational expert to make the step five determination;

and (4) failing to give controlling weight to treating physician Dr. Lahtinen's

medical opinion.

## VII.   Discussion

### A. The ALJ did not err in determining Ms. Hartill's credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008).  First, the claimant must produce objective

medical evidence of an underlying impairment or impairments that could

reasonably be expected to produce some degree of the symptoms alleged.  *Id.*

Second, if the claimant meets this threshold, and there is no affirmative evidence

suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [his] symptoms only by offering specific, clear, and convincing reasons

for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors,

including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

reputation for lying, prior inconsistent statements concerning the symptoms, and

other testimony by the claimant that appears less than candid; (2) unexplained or

inadequately explained failure to seek treatment or to follow a prescribed course of

treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996) (as amended).

The ALJ found that Ms. Hartill's alleged impairments are not consistent with the objective evidence in the record. It is not error for an ALJ to reject subjective symptom complaints when the evidence in the record does not support the level of limitations alleged. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

In this case, the ALJ pointed to normal neurological and psychological examinations, AR 420, and a pattern of stability while on medication, AR 464, 489. The ALJ also noted that even Ms. Hartill stated to Dr. Arnold, PhD, that there were no psychological reasons preventing her from working. AR 501.

The ALJ also noted that the evidence does not demonstrate "clinical abnormalities" that could reasonably be expected to have produced persistent symptoms consistent with Ms. Hartill's allegations. AR 32-33. ALJ Payne cited to relatively benign pelvic ultrasounds, AR 375, as well as spinal x-rays that failed to

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 10**

1    demonstrate acute fractures, significant misalignment, or notable changes from

2    prior images. AR 371, 373. Likewise, the ALJ noted a pattern of improvement in

3    pulmonary functioning tests. AR 364, 368.

4        In briefing, Ms. Hartill points to several pieces of evidence that she asserts

5    provide ample objective evidence of her complaints. ECF No. 15 at 4-5. However,

6    the ALJ is the ultimate arbiter of the evidence, and the Court will not reverse the

7    ALJ's evaluation because one party disagrees with the threshold of required

8    evidence. *See, e.g., Molina*, 674 F.3d at 1111; *Thomas,* 278 F.3d at 954.

9        Further, the ALJ noted that some of the objective testing in the record with

10   regard to her psychological impairments is unreliable, which played a role in the

11   credibility determination. AR 33, 432. A lack of credible effort and a tendency to

12   exaggerate are factors an ALJ may consider when rejecting subjective symptom

13   testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Here, Dr.

14   Arnold performed objective testing that resulted in unreliable results, including the

15   Minnesota Multiphasic Personality Inventory – Second Edition Restructured Form

16   and the Million Clinic Multi-Axial Inventory, Third Edition. AR 432. Dr. Arnold

17   found Ms. Hartill's "efforts across the objective testing appeared to be mixed" *Id.*

18   She showed "some tendency toward embellishment" on the Million Clinic Multi-

19   Axial Inventory and the Minnesota Multiphasic Personality Inventory results were

20   invalid "due to over endorsement of infrequent pathological items." *Id.* These

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 11**

1  inconsistencies and pattern of unreliability provided a basis of substantial evidence

2  for the ALJ's credibility determination.

3     Likewise, ALJ Payne also pointed to inconsistencies between Ms. Hartill's

4  testimony and the objective evidence. AR 33. Ms. Hartill gave differing reports

5  regarding her migraine frequency, AR 33, and while Ms. Hartill may characterize

6  this as varying symptoms, the ALJ interpreted this discrepancy differently. The

7  Court will not reverse due to a difference of interpretation of the record when the

8  ALJ's interpretation is rational. *Thomas*, 278 F.3d at 954.

9     ALJ Payne also reasoned that the conservative treatment prescribed by Ms.

10 Hartill's physicians suggested her symptoms were not as severe as she alleged. AR

11 32. Conservative treatment can be evidence that discredits the subjective

12 complaints of a claimant. *See Johnson*, 60 F.3d at 1434. The record contains

13 multiple instances in which the plan for her care included conservative measures,

14 such as continued medication and activities of daily living, and encouragement to

15 quit smoking and follow a proper diet and exercise. AR 312, 420, 447, 489.

16    Finally, ALJ Payne pointed to Ms. Hartill's failure to follow recommended

17 treatment as a factor to determine her credibility. AR 32. A claimant's statements

18 may be less credible when treatment is inconsistent with the level of complaints or

19 a claimant is not following treatment prescribed without good reason. *Molina*, 674

20 F.3d at 1114. When refusing prescribed treatment, the reasons presented for not

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 12**

1  following the treatment must be related to the mental impairment and not a matter

2  of personal preference. *Id*. In particular, the ALJ references instances in which Ms.

3  Hartill did not take her prescribed medication, nor wanted to try physical therapy.

4  AR 33. On February 6, 2013, Ms. Hartill told her doctor she was not taking one of

5  her inhaler medications, contrary to recommendations, and the record also

6  indicated that she was no longer taking medications for her depression, but she

7  suffered only from "little depression." AR 494. At this same visit, she also stated

8  she did not want to try physical therapy. *Id.*

9      Most significantly, the record is full of instances where Ms. Hartill was

10  advised to quit smoking cigarettes, but there is no evidence that she followed these

11  recommendations. *See, e.g.* AR 312, 489, 495. The ALJ specifically noted Ms.

12  Hartill's continued smoking, which "severely aggravates any breathing condition

13  she has." AR 33. The overall record demonstrates that Ms. Hartill did not follow

14  the prescribed treatment as such that it was not improper for the ALJ to consider

15  this in assessing her credibility.

16      In sum, the ALJ provided numerous legally sufficient reasons to support the

17  negative credibility finding that is supported by substantial evidence in the record.

18  The Court does not find error.

19  //

20  //

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 13**

1      **B. The ALJ erred in the weight given to some, but not all, of the medical**

2      **opinions in the record.**

3      The Ninth Circuit has distinguished between three classes of medical

4  providers in defining the weight to be given to their opinions: (1) treating

5  providers, those who actually treat the claimant; (2) examining providers, those

6  who examine but do not treat the claimant; and (3) non-examining providers, those

7  who neither treat nor examine the claimant. *Lester,* 81 F.3d at 830.

8      A treating provider's opinion is given the most weight, followed by an

9  examining provider, and finally a non-examining provider. *Id*. at 830-31. In the

10  absence of a contrary opinion, a treating or examining provider's opinion may not

11  be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

12  treating or examining provider's opinion is contradicted, it may only be discounted

13  for "specific and legitimate reasons that are supported by substantial evidence in

14  the record." *Id*. at 830-31.

15      The ALJ may meet the specific and legitimate standard by "setting out a

16  detailed and thorough summary of the facts and conflicting clinical evidence,

17  stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

18  F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

19  provider's opinion on a psychological impairment, the ALJ must offer more than

20

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMAND ~ 14**

1   his or her own conclusions and explain why he or she, as opposed to the provider,

2   is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

3   **1.  Dr. Lahtinen**

4   The ALJ gave "little weight" to the opinions of Dr. Lahtinen that were

5   presented in four exhibits and created for the Washington State Department of

6   Social and Health Services ("DSHS"). AR 34. The ALJ in part rejected these

7   because they were substantially based on subjective reporting by Ms. Hartill. *Id.*

8   As the ALJ's credibility determination was valid, this was not in error. *See supra*

9   pp. 9-13.

10   The ALJ found inconsistency in Dr. Lahtinen's opinions. In particular, Dr.

11   Lahtinen recommended only conservative treatment, AR 34, *see also supra* p. 12,

12   despite asserting that Ms. Hartill is disabled. AR 34.  Conservative treatment, the

13   ALJ reasoned, is not consistent with how a doctor would treat a truly disabled

14   claimant. *Id.*  Additionally, when Ms. Hartill's subjective complaints are removed,

15   Dr. Lahtinen's notes do not demonstrate the significant findings that would be

16   consistent with disability, such those he states in these reports to DSHS. *See, e.g.*

17   AR 489, 494. In fact, on multiple occasions, Dr. Lahtinen advises that Ms. Hartill

18   continue with her daily activities or to consider physical therapy "if she continues

19   to have back and hip problems." *Id.* The record does not support the conclusions in

20   the DSHS forms, and the ALJ did not err in rejecting these opinions. *See Bayliss v.*

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 15**

1   *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding an ALJ may reject a

2   doctor's opinion when not supported by clinical evidence and based on subjective

3   complaints). While Dr. Lahtinen was a treating doctor, who normally is given

4   deference, the ALJ provided the requisite specific and legitimate reasons to

5   discount these opinions. *See Lester,* 81 F.3d at 830.

6         **2. Dr. Arnold**

7         "Little weight" was also given to Dr. Arnold's opinion that Ms. Hartill has

8   moderate to severe mental limitations. AR 34. The ALJ dismissed this opinion

9   because it was based on objective testing that by the doctor's own admission was

10  either invalid or provided "with some tendency toward embellishment." AR 34,

11  432. The ALJ was skeptical of the findings because of these irregularities.

12        Dr. Arnold saw Ms. Hartill only once, at the visit in which these irregular

13  testing results were reached. AR 34, 432. Length of treatment relationship and

14  frequency of evaluation are factors for an ALJ to consider when determining the

15  weight to give a physician's opinion. 20 C.F.R. §§ 404.1527(c)(2)(i),

16  416.927(c)(2)(i). If a treating physician has seen the claimant a number of times

17  "to have obtained a longitudinal picture" of the claimant's impairment, the ALJ

18  will give the source's opinion more weight than a non-treating provider. *Id.* In this

19  case, however, the only visit produced insufficient test results. AR 432. The ALJ

20  reasoned this was insufficient to form a reliable medical opinion. AR 34.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 16**

It is the ALJ's duty to determine the credibility of the medical evidence. *See Thomas*, 278 F.3d 947 (9th Cir. 2002). ALJ Payne provided specific and legitimate reasons to discredit Dr. Arnold's opinion. The Court finds no error.

**3. Dr. Severinghaus**

ALJ Payne also gave "little weight" to the opinion of Dr. Severinghaus, who also only saw Ms. Hartill once and reviewed only the report of Dr. Arnold. AR 34, 500-01. The ALJ also dismissed Dr. Severinghaus's opinion because he appeared to rely quite heavily on subjective information provided by Ms. Hartill. AR 34. As discussed previously, because Ms. Hartill's credibility determination was valid, this would not be in error. *See supra*, pp. 9-13.

While the ALJ may discount the portions of the report based on subjective information, Dr. Severinghaus also performed objective testing and evaluated Ms. Hartill, resulting in objective observations. AR 501-07. The ALJ is required to consider all of the report, both subjective and objective, and provide legally sufficient reasons for rejecting it in its entirety.

As discussed previously, an ALJ may consider the length of treatment when determining a claimant's credibility. *See supra* p. 16. However, unlike Dr. Arnold's objective testing results, there is no evidence that Dr. Severinghaus's test results were unreliable or that Ms. Hartill embellished her answers. AR 501-07. Rather, the objective evidence in the report supports Dr. Severinghaus's opinion,

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 17**

1   and the ALJ offers no explanation regarding the objective portions of the opinion.

2   Dr. Severinghaus reported that "[s]he appears to try her best for the most part,

3   although I wonder about possible flagging energy and interest towards the end."

4   AR 504-05. Dr. Severinghaus opined that Ms. Hartill's slow responses may have

5   been the result of fatigue or limited skills, but does not mention exaggeration. *Id.*

6   Unlike Dr. Arnold's testing, Dr. Severinghaus does not question the validity of

7   results or the presence of embellishment, and the ALJ failed to explain why this

8   objective testing should not have been given consideration.

9         This is not harmless error, as these mental impairments were not accounted

10   for in the residual functional capacity calculation. However, it is not clear from the

11   record that even if Dr. Severinghaus's opinion is credited as true, Ms. Hartill

12   would be disabled. *See Lester*, 81 F.3d at 834. Thus, remand is appropriate.

13         Additionally, because the residual functional capacity did not account for

14   additional non-exertional limitations, the Court need not reach a conclusion as to

15   whether the Medical-Vocational Guidelines alone would have been sufficient to

16   sustain the Commissioner's burden at step five.

17         **C. Remedy**

18         The Court has the discretion to remand the case for additional evidence and

19   findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award

20   benefits if the record is fully developed and further administrative proceedings

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 18**

would serve no useful purpose. *Id.* Remand is appropriate when additional

administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d

759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are

necessary for a proper determination to be made.

On remand, the ALJ shall credit the opinion of Dr. Severinghaus. Once

accepting these findings, the ALJ shall recalculate the residual functional capacity,

considering all impairments, and then evaluate, based on this updated residual

functional capacity, Ms. Hartill's ability to perform past relevant work, as well as

work available in the national economy.

### VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the

ALJ's decision is not supported by substantial evidence and contains legal error.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///

///

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 19**

1    4. This matter is **REMANDED** to the Commissioner for further proceedings

2    consistent with this Order.

     **IT IS SO ORDERED.** The District Court Executive is directed to enter this

3    Order, forward copies to counsel and **close the file**.

4    **DATED** this 19th day of July, 2016.

5

6                              *s/Robert H. Whaley*
                              ROBERT H. WHALEY
7                       Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND ~ 20**